(236 P.3d 528)
No. 103,750

DUSTIN J. MERRYFIELD, *Appellant*, v. KANSAS SOCIAL AND REHABILITATION SERVICES, and SECRETARY DON JORDAN, *Appellees*.

Opinion filed July 30, 2010.

*Dustin J. Merryfield*, appellant pro se.

*C. William Ossman*, chief of litigation, and *Danny J. Baumgartner*, litigation attorney, of Kansas Department of Social and Rehabilitation Services, of Topeka, for appellees.

Before MCANANY, P.J., CAPLINGER and BUSER, JJ.

MCANANY, J.: Dustin J. Merryfield is confined for treatment at the Larned State Hospital under the custody of the Kansas Department of Social and Rehabilitation Services (SRS), pursuant to K.S.A. 59-29a01 *et seq.*, the Kansas Sexually Violent Predator Act (Act). He appeals the district court's denial of his habeas corpus petition pursuant to K.S.A. 60-1501 and of his motion for the appointment of counsel. Merryfield contends that K.S.A. 22-4503(a) entitles him to counsel in these proceedings and that he is entitled to a copy of his treatment records pursuant to K.S.A. 2009 Supp. 59-29a22(b)(10).

The district court found that in May 2009 Merryfield submitted a request for his "medical and/or treatment records" to hospital officials. The hospital's privacy officer denied the request, and this decision was affirmed by the hospital's medical director on November 5, 2009. The medical director contended that Merryfield was not entitled to his records because the records contained information "compiled in reasonable anticipation of or for use in civil, criminal, or administrative actions or proceedings." The director stated that these grounds for denial of Merryfield's request were

unreviewable under HIPAA, the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et seq.* (2006).

On December 21, 2009, Merryfield filed his habeas corpus petition, alleging that SRS improperly denied his request for copies of his treatment records pursuant to K.S.A. 2009 Supp. 59-29a22(b)(10) and that he should not be required to pay for the copies requested. On the same date, Merryfield filed a motion requesting the appointment of counsel.

On January 4, 2010, the district court issued its memorandum decision summarily denying both Merryfield's petition and motion. The court found that Merryfield had not demonstrated a right to inspect or receive a copy of his treatment records and had not alleged shocking or intolerable conduct of a continuing nature or mistreatment of a constitutional stature. The court also found that Merryfield was not entitled to the appointment of counsel.

Merryfield appeals.

*Appointment of Counsel*

Merryfield claims the district court erred in refusing to appoint counsel for him pursuant to K.S.A. 22-4503(a). Merryfield states in his brief: "Appellant was not stating that he was entitled to appointment of counsel due to the United States Constitution, he was stating that he was entitled to the appointment of counsel due to the provisions of K.S.A. 22-4503." However, he asserts in his brief that the Equal Protection Clause should apply. An issue incidentally raised but not argued is generally deemed abandoned. *Cooke v. Gillespie*, 285 Kan. 748, 758, 176 P.3d 144 (2008). Merryfield does not assert that he is a member of a suspect class for equal protection purposes. See *State v. Preston*, 287 Kan. 181, 188-89, 195 P.3d 240 (2008). He does not allege, let alone demonstrate, that no legitimate legislative objective is promoted by classifying persons held as sexually violent predators differently than persons civilly confined for other reasons. See *Hodges v. Johnson*, 288 Kan. 56, 72-73, 199 P.3d 1251 (2009). Having noted these deficiencies, we need not further address Merryfield's reference to the Equal Protection Clause.

This is a matter of statutory interpretation over which our review is unlimited. The fundamental rule of statutory construction, to which all other rules are subordinate, is that courts must apply the intent of the legislature as expressed in the plain language of the statute, unless that intent is not clearly revealed because the language is ambiguous. See *State v. Gracey*, 288 Kan. 252, 257, 200 P.3d 1275 (2009).

In pertinent part, K.S.A. 22-4503(a), which Merryfield relies on, provides:

"A person subject to an order of commitment pursuant to K.S.A. 22-3428 or K.S.A. 59-2965 and amendments thereto, shall be entitled to the assistance of counsel at every stage of a habeas corpus proceeding brought by such person and the provisions of this section relating to defendants shall be applicable to such persons."

The right to counsel under this statute is predicated on the person being confined pursuant to either K.S.A. 22-3428 or K.S.A. 59-2965. K.S.A. 22-3428 sets out the procedure for committing an individual to the state hospital for mental health treatment after that individual has been acquitted of a crime by reason of mental illness on a special verdict. K.S.A. 59-2965 involves the civil commitment proceeding for mentally ill persons. Merryfield's confinement is not the result of either of these circumstances. Merryfield does not argue that he is entitled to counsel pursuant to K.S.A. 59-29a06(b). Accordingly, we conclude that the district court did not err in denying Merryfield's request for the appointment of counsel in these K.S.A. 60-1501 proceedings for the reasons stated in his brief.

*Medical and Treatment Records*

Merryfield challenges the district court's dismissal of his habeas corpus petition. The district court is authorized to dismiss a K.S.A. 60-1501 petition if an examination of the petition and any attached exhibits demonstrates that the petitioner is not entitled to the relief sought. K.S.A. 60-1503. Under the circumstances presented here, Merryfield bears the burden of alleging continuing mistreatment of a constitutional nature to avoid dismissal. See *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008). When the district

court summarily dismisses the petition, our review is de novo. *Johnson v. State,* 289 Kan. 642, 649, 215 P.3d 575 (2009).

Merryfield alleged in his petition that SRS violated K.S.A. 2009 Supp. 59-29a22(b)(10) by refusing to provide him with copies of his treatment records upon request. The district court concluded that this allegation did not rise to the level of a constitutional violation.

To the contrary, if Merryfield has a right provided by state law, the deprivation of that right without due process is a constitutional violation. See *Murphy v. Nelson,* 260 Kan. 589, 597-98, 921 P.2d 1225 (1996).

Liberty and property interests are defined by substantive due process and by state law. *Williams v. DesLauriers,* 38 Kan. App. 2d 629, 637, 172 P.3d 42 (2007). Merryfield has a property interest in the benefit provided by K.S.A. 2009 Supp. 59-29a22(b)(10) if he has a "legitimate claim of entitlement to it." See *Board of Regents v. Roth,* 408 U.S. 564, 577, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972). Merryfield's interest in this benefit becomes a property interest for due process purposes if there are "rules or mutually explicit understandings" that support his claim of entitlement and which he could invoke at a hearing. See *Perry v. Sindermann,* 408 U.S. 593, 601, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972).

K.S.A. 2009 Supp. 59-29a22(b)(10) provides:

"(b) Each patient shall have the following rights:

. . . .

(10) The right to confidentiality of all treatment records, and as permitted by other applicable state or federal laws, have the right to inspect and to receive a copy of such records."

While K.S.A. 2009 Supp. 59-29a22(c) grants SRS the limited authority to deny certain rights listed in the statute, the right of access to treatment records is not included in this authority. If Merryfield has a colorable claim to his medical and treatment records, he is entitled to seek recourse for the denial of those records by SRS.

SRS relies on HIPAA as authority for denying Merryfield access to his records. HIPAA was enacted by Congress in 1996. It was designed by Congress to promote cost efficiency in the sharing of information for medical insurance purposes, while protecting the

sensitive and personal nature of stored medical information. See *United States v. Elliott*, 676 F. Supp. 2d 431, 436-37 (D. Md. 2009).

Merryfield argues that he is entitled to his medical and treatment records pursuant to the HIPAA regulation found in 42 C.F.R. § 482.13(d)(2) (2009), which provides:

"The patient has the right to access information contained in his or her clinical records within a reasonable time frame. The hospital must not frustrate the legitimate efforts of individuals to gain access to their own medical records and must actively seek to meet these requests as quickly as its record keeping system permits."

However, the regulation found at 45 C.F.R. § 164.524(a)(1) (2009), includes the following exception:

"Except as otherwise provided in paragraph (a)(2) or (a)(3) of this section, an individual has a right of access to inspect and obtain a copy of protected health information about the individual . . . except for:

. . . .

"(ii) Information compiled in reasonable anticipation of, or for use in, a civil, criminal, or administrative action or proceeding."

The denial of access to documents prepared in anticipation of litigation is, according to the regulations, an "unreviewable" ground for denial. 45 C.F.R. § 164.524(a)(2)(i) (2009). However, a regulation does not "supercede a contrary provision of State law, if the provision of State law imposes requirements, standards, or implementation specifications that are more stringent than the requirements, standards, or implementation specifications imposed under the regulation." See 42 U.S.C. § 1320d-2 Note/Recommendations (c)(2) (2006); 45 C.F.R. § 160.203(b) (2009); *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 924 (7th Cir. 2004).

Our examination of the regulations discloses no mechanism whatsoever for determining when, how, and for what purpose the information SRS seeks to withhold was gathered so as to justify claiming the records were prepared in anticipation of litigation. The regulation provides no standard for evaluating SRS's claim. It purports to completely foreclose a party from access to his or her own medical records even when the records relate to that person's condition which is the subject matter of the litigation, which in this case presumably involves the court's annual consideration of

whether Merryfield remains a danger to the community. See K.S.A. 2009 Supp. 59-29a08.

Kansas, on the other hand, has adopted "requirements, standards, or implementation specifications" with respect to the production of a patient's records claimed to be prepared in anticipation of litigation. The federal regulations have adopted none.

In Kansas, the Act establishes a civil commitment proceeding for sexually violent predators. K.S.A. 59-29a01; see *Kansas v. Hendricks*, 521 U.S. 346, 138 L. Ed. 2d 501, 117 S. Ct. 2077 (1997). Each person committed pursuant to the Act is entitled to an annual review. K.S.A. 2009 Supp. 59-29a08. As a part of that review the confined person is entitled to have an expert examine the person in order to render an opinion regarding whether the person should continue to be confined. In making that examination, the expert "shall have access to all records concerning the person." K.S.A. 2009 Supp. 59-29a08(a). If, upon review, the district court determines that there is probable cause to believe the person is no longer in need of confinement, the court shall order an evidentiary hearing before the court or a jury at which the State must prove beyond a reasonable doubt that the committed person cannot be safely placed in transitional release. At that hearing the committed person is entitled to present expert witness testimony. K.S.A. 2009 Supp. 59-29a08(c).

Further, K.S.A. 2009 Supp. 60-226(b)(4), which is part of our Kansas Code of Civil Procedure, provides standards for evaluating the discoverability of documents purportedly prepared in anticipation of litigation. HIPAA, more particularly 45 C.F.R. §164.524(a)(1), provides no such standard. Under these circumstances, HIPAA, which provides no standards or implementation protocol for evaluating claims that records were prepared in anticipation of litigation, does not control over state law on the issue of access to documents claimed to have been prepared in anticipation of litigation.

The United States Department of Health and Human Services has been charged with issuing regulations to implement HIPAA. To that end, the Department issued a series of regulations, the second of which consists of 367 pages (small font, three columns

per page) of "Administrative Simplification Regulations" which can be found at 65 Fed. Reg. 82,462 (2000). These regulations have three major purposes, the first and primary one being: "(1) To protect and enhance the rights of consumers by providing them access to their health information and controlling the inappropriate use of that information." 65 Fed. Reg. 82,463.

The obvious thrust of the regulations is to deny inappropriate access to a patient's records by third parties, not to deny a patient access to his or her own records.

"In enacting HIPAA, Congress recognized the fact that administrative simplification cannot succeed if we do not also protect the privacy and confidentiality of personal health information. The provision of high-quality health care requires the exchange of personal, often-sensitive information between an individual and a skilled practitioner. Vital to that interaction is the patient's ability to trust that the information shared will be protected and kept confidential. Yet many patients are concerned that their information is not protected. . . .

". . . An examination of state health privacy laws and regulations, however, found that 'state laws, with a few notable exceptions, do not extend comprehensive protections to people's medical records.' *Many state rules fail to provide such basic protections as ensuring a patient's legal right to see a copy of his or her medical record.* See Health Privacy Project, 'The State of Health Privacy: An Uneven Terrain,' Institute for Health Care Research and Policy, Georgetown University (July 1999) . . . .

"*Until now, virtually no federal rules existed to protect the privacy of health information and guarantee patient access to such information.*" (Emphasis added.) 65 Fed. Reg. 82,463-82,464.

With this background we now turn to Merryfield's petition. Our task is to accept its allegations as true in order to determine if the facts alleged and their reasonable inferences state a claim for relief. *Schuyler*, 285 Kan. at 679.

Merryfield asserts that his request for records was denied with the explanation: " 'Information was compiled in reasonable anticipation of or for use in civil, criminal, or administrative actions or proceedings.' " Merryfield contends that the records he seeks were not prepared in reasonable anticipation of litigation.

We do not know whether the records in question were prepared in anticipation of litigation. This is yet to be determined. If they were prepared in anticipation of litigation, we still do not know whether Merryfield has substantial need for the requested mate-

rials. See K.S.A. 2009 Supp. 60-226(b)(4). Nor do we know whether he can obtain the substantial equivalent of these materials by other means without undue hardship, particularly if the anticipated litigation is the annual review of his case during which his court-appointed expert will have access to *all* his records in order to make an evaluation of Merryfield's current condition. See K.S.A. 2009 Supp. 59-29a08(a).

What we do know is that Merryfield has been denied access to his "medical and/or treatment records." We know that Merryfield has the right to inspect and to receive a copy of such records pursuant to K.S.A. 2009 Supp. 59-29a22(b)(10), if permitted by state or federal law. We know that pursuant to the HIPAA regulation found in 42 C.F.R. § 482.13(d)(2), Merryfield is entitled to his clinical records unless the records, as SRS contends, consist of " '[i]nformation compiled in reasonable anticipation of, or for use in, a civil, criminal, or administrative action or proceeding' " as provided in 45 C.F.R. §164.524(a)(1)(ii).

At this stage of the proceedings, we must accept as true Merryfield's version of the facts, including the fact that the information in his records was not compiled in anticipation of litigation. Thus Merryfield has stated an actionable claim.

K.S.A. 60-1503 provides that "[i]f the judge finds that the plaintiff *may be* entitled to relief, the judge shall issue the writ and order the person to whom the writ is directed to file an answer within the period of time fixed by the court or to take such other action as the judge deems appropriate." (Emphasis added.)

Accordingly, we reverse the district court's dismissal of Merryfield's petition and remand for further proceedings to determine (1) the nature and extent of Merryfield's "medical and/or treatment records"; (2) which records constitute patient records to which Merryfield is entitled under HIPAA; (3) which records contain information prepared in anticipation of litigation; and (4) with respect to that subset of documents, whether Merryfield demonstrates an entitlement to them pursuant to K.S.A. 2009 Supp. 60-226(b)(4).

Affirmed in part, reversed in part, and remanded with directions.