NOT DESIGNATED FOR PUBLICATION

No. 113,944

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROGER DEERE,
*Appellant*,

v.

JAMES HEIMGARTNER, *et al.*,
*Appellees.*


MEMORANDUM OPINION


Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed December 11, 2015. Reversed and remanded with directions.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Michael J. Smith*, of Kansas Department of Corrections, for appellees.


Before BUSER, P.J., LEBEN and BRUNS, JJ.

LEBEN, J.: While Roger Deere was an inmate at the Ellsworth Correctional Facility, prison officials found a coded letter in an area Deere had access to (perhaps with other inmates), along with a key to decode it. After investigation, prison officials concluded that Deere and some other inmates had been working with a prison staff member to get contraband items into the prison. Deere was charged with and convicted of two infractions of prison rules in an administrative hearing. As a sanction, he was fined a total of $40 and lost a total of 180 days of good-time credit he had earned.

The disciplinary sanctions deprived Deere of property (through the $40 fine) and liberty (through the loss of earned good-time credit), so he was entitled to a minimal level of due process. *Hogue v. Bruce*, 279 Kan. 848, 851, 113 P.3d 234 (2005); *Kesterson v. State*, 276 Kan. 732, Syl. ¶ 2, 79 P.3d 1074 (2003); *Sauls v. McKune*, 45 Kan. App. 2d 915, 920, 260 P.3d 95 (2011); *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505-06, 238 P.3d 328 (2010). Deere brought a habeas corpus action under K.S.A. 60-1501 alleging that he was denied due process because he wasn't allowed to call several witnesses, he wasn't allowed to present some documentary evidence, and the hearing officer was biased against him.

We begin our review by noting the procedures leading up to the case's dismissal and how they affect the legal standards we must apply. A habeas corpus action under K.S.A. 60-1501 challenges the conditions of an inmate's confinement. To avoid summary dismissal (*i.e.*, dismissal without holding a hearing), the petition must allege facts that demonstrate either shocking and intolerable conduct or continuing mistreatment that violates constitutional protections. *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Deere alleged continuing mistreatment because he was sanctioned without due process. See 289 Kan. at 649. The district court summarily dismissed Deere's petition. "Summary dismissal is appropriate if, on the face of the petition, it can be established that [the] petitioner is not entitled to relief, or if, from undisputed facts, or from [in]controvertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." 289 Kan. at 648-49.

When the district court summarily dismisses a habeas claim, it has only reviewed written documents in the court file, and an appellate court is in just as good a position to consider whether summary dismissal was appropriate. Accordingly, we review the matter independently, without any required deference to the district court. *Wahl v. State*, 301 Kan. 610, Syl. ¶ 1, 344 P.3d 385 (2015).

2

In this review, we must accept the facts alleged in Deere's petition, along with any reasonable inferences we could draw from them, as true for the purpose of deciding whether he has stated some viable claim for relief. See *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008); *Merryfield v. Kansas Dept. of SRS*, 44 Kan. App. 2d 324, Syl. ¶ 11, 236 P.3d 528 (2010). So we next focus on the allegations Deere made in his petition, as well as the underlying documents from the prison disciplinary proceeding (which were attached to the petition or provided to the district court by the Department of Corrections).

A written disciplinary report against Deere was initiated by a prison investigator named Nelson. (The hearing officer's record of Deere's disciplinary hearing is not very detailed, so we generally don't have first names or full job titles for the prison staff it references.) In his written report, Nelson claimed that Deere "was found to be in correspondence and involvement with introduction of illegal narcotics introduce[d] by a staff member." Nelson said that Deere "wrote a coded letter" that was intercepted by prison staff; once decoded, Nelson said the letter from Deere named the officer helping to introduce contraband into the prison by name. When officials seized the officer's vehicle, they found a letter written in the same code as the letter from Deere.

Deere was notified of the charge (though he was initially given a copy of the charge against another inmate). Deere filed written requests for several witnesses to testify at the disciplinary hearing, and he wasn't told either before or even at the beginning of that hearing that his requests had largely been denied. The hearing record doesn't mention that Deere's requests for witnesses were denied, and it provides no explanation for the denial. In addition, as Deere notes, the handwritten record is often illegible, leaving us to guess about some of its contents.

Three witnesses testified: Deere, Nelson, and another prison employee named Eno or Enos (both spellings appear in the record). Deere had requested that Eno testify.

3

Although not reflected in the hearing officer's record, Deere reported that he had asked to see the coded letter he had allegedly written, but he never received it, and it was not introduced into evidence at his disciplinary hearing. Deere also said that Nelson admitted that he had talked with the hearing officer about the case outside Deere's presence; when Deere asked Nelson for further details, Deere alleged that the hearing officer told Nelson not to answer.

Other witnesses Deere asked to have testify included other inmates Deere alleged had knowledge of the code system and two prison employees who took him out of his cell when the key to the code was found in what Deere claimed was a "TV shelf common area." The hearing officer's handwritten notes of the hearing (two pages for a hearing that Deere alleges took 97 minutes) quote Nelson as saying that "[it's] possible" that the coded material was initially found in a common area, not in Deere's immediate cell.

When the district court conducted an initial review of Deere's petition, it noted that the record didn't provide any rationale for denying Deere's request to call additional witnesses. In a written order, the court said that "it may be that such information has been inadvertently overlooked in the submissions to this Court" and asked the Department of Corrections to "make inquiry into this matter." In response, the Department of Corrections submitted an affidavit from the hearing officer, Randolph Johnson, for denying various witnesses. For example, he said that he had denied requests for other inmates charged with participation in the alleged conspiracy to bring contraband into the prison because he "did not want them to communicate pending possible criminal charges." He said that one inmate's testimony—Deere was alleging that inmate was the real perpetrator—would not have been relevant because it "did not negate the direct evidence of communication between Deere and the staff member." And he said he had not allowed the officers who Deere said had taken him away when the letter was found

4

because "[t]he evidence was clear to me that Deere was engaged in inappropriate communication with a staff member."

It was after receiving Johnson's affidavit that the district court summarily dismissed Deere's petition. By doing so, the district court erred. If a habeas claim is to be denied summarily, the court must accept the factual allegations contained in the petition as true—unless, "*from undisputed facts, or from* [*in*]*controvertible facts, such as those recited in a court record*, it appears, as a matter of law, no cause for granting a writ exists." (Emphasis added.) *Johnson*, 289 Kan. at 648-49. The affidavit of an employee of one of the parties, prepared after a habeas petition has been filed, does not provide undisputed or uncontrovertible facts, such as those recited in a court record.

As we have explained in other cases, an inmate's due-process rights in a hearing at which the prisoner's liberty or property interests are at stake include having an opportunity to call witnesses and present documentary evidence. *Sauls*, 45 Kan. App. 2d at 920; *Washington v. Roberts*, 37 Kan. App. 2d 237, 241, 152 P.3d 660 (2007). "In ruling on an inmate's request to call witnesses, a hearing officer may balance the inmate's need for a witness against prison interests, like keeping the prison safe or avoiding retribution. But prison officials bear a burden of persuasion to show that there is a reasonable basis for overriding the inmate's right to call witnesses." *Sauls*, 45 Kan. App. 2d at 920.

Given the failure of the hearing officer in Deere's case to make *any* mention or explanation of why he was denying the requests for witnesses in the hearing record, summary dismissal is not proper here. We cannot simply end all inquiry based on an after-the-fact affidavit. As we said in *Washington*, "Prison officials are required, when challenged, to justify why witnesses are not allowed to testify in a prison disciplinary proceeding, either by making the explanation part of the record at the disciplinary proceeding *or by presenting testimony in court*." (Emphasis added.) 37 Kan. App. 2d 237,

5

Syl. ¶ 5. Summary dismissal requires that the failure to state a valid claim for relief be demonstrated by incontrovertible facts, *Johnson*, 289 Kan. at 648-49; an affidavit submitted after the habeas petition was filed does not provide incontrovertible facts.

The same is true with respect to the failure to produce the coded letter that, according to Nelson, showed that Deere was communicating with a prison staff member to bring contraband into the prison. Deere alleges that he requested the letter, and the disciplinary hearing record does not explain why he didn't receive it.

Finally, Deere has alleged that the hearing officer and the key witness against Deere, prison investigator Nelson, talked about the substance of the case *before* the hearing. This too is not mentioned in the hearing officer's notes, but we must accept the truth of this allegation when considering whether summary dismissal is appropriate. *Schuyler*, 285 Kan. at 679; *Merryfield*, 44 Kan. App. 2d 324, Syl. ¶ 11. Particularly when combined with the hearing officer's refusal to allow Deere to call several witnesses or to require that the key document in the case be produced for Deere's inspection, Deere's allegation regarding the fairness of the hearing officer cannot be summarily dismissed. See *Washington*, 37 Kan. App. 2d at 240, 247 (noting that an inmate has a due-process right to an impartial hearing when liberty or property interests are at stake).

We recognize that the level of process due an inmate in a prison disciplinary proceeding is not the same as in a criminal trial or a civil lawsuit: the inmate is entitled only to a minimal level of due process. See *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Shirazi v. Cline*, No. 113,408, 2015 WL 6457830, at *2 (Kan. App. 2015) (unpublished opinion). At the summary-dismissal stage, however, we look only at the allegations of the inmate's petition and the uncontroverted facts shown in the court file. Based on that record, we cannot rule out the possibility that Deere was denied even a minimal level of due process.

6

We should note that the Department of Corrections argues in its brief that we should affirm the district court because some evidence supports the disciplinary conviction: "Because Petitioner does not appear to challenge the district court's finding that the disciplinary conviction was supported by some evidence, Respondent respectfully requests that this court affirm the district court dismissal." Because inmates are entitled only to limited due process, it's true that all that's required to sustain a disciplinary conviction is some evidence to support the conclusions reached in the disciplinary proceeding. *Speed v. McKune*, 43 Kan. App. 2d 444, Syl. ¶ 1, 225 P.3d 1199 (2010); *Shirazi*, 2015 WL 6457830, at *2. But we cannot uphold the result of a hearing in which the inmate's due-process rights were violated just because some evidence of his guilt was presented during a fundamentally unfair hearing.

The Department of Corrections did not argue that even if some violation of Deere's due-process rights occurred, it should be considered harmless. See *Sauls*, 45 Kan. App. 2d at 921. Instead, in its appellate brief, the Department of Corrections argued that Deere received due process, a conclusion we cannot reach on this record.

Deere's final argument in his appellate brief is that because his petition could not properly be summarily dismissed, an attorney should have been appointed to represent him. He is correct. Once summary dismissal has been ruled out, the district court is left with two choices. First, it can hold a preliminary hearing to further explore the issues; at least in theory, it's possible that the parties might reach stipulations eliminating some or all issues or the need for some or all evidence. Second, it can hold an evidentiary hearing, which is used to resolve substantial issues. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). In either case, an attorney must be appointed to represent Deere. See K.S.A. 22-4506(b) (requiring appointment of counsel if substantial questions of law or triable issues of fact are presented); *Sola-Morales*, 300 Kan. 875, Syl. ¶ 1 (requiring appointment of counsel for preliminary hearing at which a "potentially substantial issue" is to be explored).

We reverse the district court's judgment, direct that counsel be appointed to represent Deere, and remand the case for further proceedings.