NOT DESIGNATED FOR PUBLICATION

No. 122,781

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEPHEN A. MACOMBER,
*Appellant*,

v.

SAM CLINE, WARDEN,
*Appellee*.


MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed April 2, 2021.
Reversed and remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellee.


Before BRUNS, P.J., BUSER, J., and WALKER, S.J.


PER CURIAM: Stephen A. Macomber appeals the summary dismissal of his K.S.A.
60-1501 petition. He asserts that the hearing officer at his prison disciplinary hearing
violated certain Kansas Department of Corrections (KDOC) regulations by not providing
him notice before amending his fighting charge to battery. According to Macomber, the
hearing officer's failure to provide him proper notice of this amendment resulted in him
unknowingly pleading guilty to battery contrary to his due process rights under the
Fourteenth Amendment to the United States Constitution. He therefore asks this court to
either grant his K.S.A. 60-1501 petition or remand to the district court for an evidentiary
hearing on his underlying argument. Because we believe the record of this case does not

1

conclusively show that Macomber is not entitled to relief under K.S.A. 60-1501, we find it was error for the district court to summarily dismiss his petition. Therefore, we reverse and remand the case to the district court for an evidentiary hearing on Macomber's K.S.A. 60-1501 petition.

FACTS

In December 2017, Macomber was an inmate at Lansing Correctional Facility in Leavenworth County. On December 23, 2017, a corrections officer filed a disciplinary report alleging that Macomber and another inmate were fighting earlier that day. Based on this altercation, the corrections officer charged Macomber with possessing dangerous contraband, a class one disciplinary offense in violation of K.A.R. 44-12-901, and with fighting, a class one disciplinary offense in violation of K.A.R. 44-12-301. The corrections officer alleged that during the fight, Macomber had a "handmade ice pick type weapon."

Shortly after receiving his disciplinary report, a different corrections officer, whose first name is not in the record, but whose last name was Hunt, held a hearing on Macomber's alleged violations. The form documenting Macomber's disciplinary hearing indicated that Macomber pled guilty after waiving his right to an evidentiary hearing on his charges. The form also indicated that Hunt amended Macomber's original charges. Although Macomber remained charged with dangerous contraband, he was no longer charged with fighting contrary to K.A.R. 44-12-301. Instead, in the blank labeled "rule violations," Hunt listed the numbers "901" and "324." Evidently, while the number 901 continued to represent Macomber's dangerous contraband charge in violation of K.A.R. 44-12-901, the number 324 represented Macomber's new battery charge, which was a class one disciplinary offense in violation of K.A.R. 44-12-324.

Thus, from the face of the form, which contained handwritten notations which are somewhat hard to read, it appears Macomber pled guilty to battery and dangerous contraband. For his dangerous contraband and battery offenses, Hunt imposed a $20 fine upon Macomber.

Macomber appealed his apparent battery guilty plea to the Warden of Lansing Correctional Facility and ultimately to the Secretary of Corrections. In his pro se appeal, Macomber alleged that Hunt amended his fighting charge to battery without providing him notice of this amendment. Macomber asserted that at the outset of his disciplinary hearing, Hunt showed him his disciplinary report, asked him if the report was about him, and then asked him to sign and initial the form requiring him to admit his guilt and waive his right to an evidentiary hearing. Macomber alleged that after Hunt asked him to do these things, Hunt said nothing else to him before he confirmed that the disciplinary report was about him and signed and initialed the form. In his appeal Macomber asserted that immediately after signing this form, however, Hunt announced that he had amended the fighting charge to battery. Macomber argued that when he signed and initialed the form admitting his guilt and waiving his right to an evidentiary hearing, he believed that he was pleading guilty to his original dangerous contraband and fighting charges.

Based on these contentions, Macomber argued that Hunt's conduct constituted a substantial error contrary to K.A.R. 44-13-202(a)—a provision that requires "notice [be] given to the inmate" upon a hearing officer's amendment of the inmate's charges. Macomber asserted that, had he known Hunt planned on amending his fighting charge to battery, he would not have pled guilty but would have instead challenged his battery charge by alleging self-defense. In consequence, Macomber asked that the Secretary reverse his battery conviction and remand for a new disciplinary hearing where he could defend himself against the amended battery charge.

3

The Secretary rejected Macomber's argument, finding that no substantial error entitled Macomber to appeal his battery guilty plea. As a result, Macomber moved for relief under K.S.A. 60-1501 in Leavenworth County District Court. On April 27, 2018, the district court clerk issued a writ of habeas corpus to the Warden, requiring an answer within 20 days. After obtaining an extension of time, the Warden filed an answer denying the petition.

Since the Warden's answer to Macomber's petition was not verified, as required by law, Macomber filed a motion for default judgment on his petition. After holding a hearing, the district court denied Macomber's motion for default judgment. But before any further proceedings could occur on the petition in Leavenworth County, the Secretary transferred Macomber from Lansing to El Dorado Correctional Facility. Subsequently venue for Macomber's petition was changed to Butler County District Court.

In his K.S.A. 60-1501 petition, Macomber repeated the arguments within his appeal to the Secretary. He added that his battery conviction was not supported by his disciplinary report, which did not explicitly state that he made improper physical contact with the other inmate during their fight. Additionally, he asserted that if given the opportunity to present evidence on his K.S.A. 60-1501 petition, two inmates as well as a corrections officer would testify on his behalf. Sam Cline, the Warden of the prison in which Macomber resided at that time, responded that Macomber's "claims [were] not credible and . . . should be dismissed."

Ultimately the district court in Butler County agreed with Warden Cline and summarily dismissed Macomber's K.S.A. 60-1501 petition. In doing so, the district court made the following findings against Macomber:

> "To sign a document without reading is no excuse and not a defense absent willful fraud or deliberate misrepresentation. Macomber's claim that he failed to

4

understand what he was signing lacks credibility. He carefully initialed the eight separate boxes and the form indicates that seven of the eight statements were read out loud to him.

"When all is said and done, Macomber's objection is really an after-the-fact claim that he inadvertently pleaded guilty to what turned out to be a battery charge to which he thought he would have a defense. Put another way, he believed self-defense would not be available to a fighting charge.

"The differences that Macomber attempts to make between the prison offenses of Battery and Fighting are distinctions without a significant difference. Both involve violent conduct. Battery is the unlawful touching of another person done in a rude or angry manner. Fighting is brawling, exchanging blows or engaging in hitting or punching each other. Both are Class One prison offenses and carry identical penalties. Contrary to Macomber's argument, a claim of self-defense could have been made to either. As an aside, asserting such a defense, practically speaking, could well have been an exercise in futility given the sworn disciplinary report indicating that the reporting officer observed Macomber 'fighting [another inmate] with a homemade weapon in his hand.' Macomber fails [to] show that he was disadvantaged by pleading guilty to one rather than the other."

Macomber timely appealed the summary dismissal of his K.S.A. 60-1501 petition. After he filed his appeal, the district court appointed appellate counsel to represent Macomber.

ANALYSIS

On appeal, Macomber continues to make the same argument that he did below. He first contends that Hunt had him sign and initial the form admitting his guilt and waiving his right to an evidentiary hearing before telling him that he had decided to amend his fighting charge to battery. He then argues that Hunt's conduct constituted "substantial error" as meant under K.A.R. 44-13-703(d) because under K.A.R. 44-13-202, a hearing officer must provide notice of any amendment before making such an amendment. He therefore asks this court to either grant his K.S.A. 60-1501 petition or remand to the district court for an evidentiary hearing on his K.S.A. 60-1501 petition because Hunt's

5

conduct (1) resulted in a violation of his due process rights and (2) resulted in him not knowingly entering his battery guilty plea.

In his brief, Warden Cline has essentially adopted the district court's reasoning for summarily dismissing Macomber's K.S.A. 60-1501 petition. He argues that Macomber cannot claim error based on his failure to read the form that he signed and initialed and that resulted in his battery guilty plea. Alternatively, he argues that even if Hunt violated certain KDOC regulations by amending Macomber's fighting charge to battery, any error from the amendment was harmless because "the difference in charge [was] a distinction without a difference."

After careful review, we believe Cline's arguments are not supported by Kansas law or the record on appeal. Consequently, we have concluded that the district court erred by summarily dismissing Macomber's K.S.A. 60-1501 petition without first holding an evidentiary hearing. And for this reason, we must reverse and remand this case to the district court for an evidentiary hearing on Macomber's K.S.A. 60-1501 petition.

Macomber has sought relief under K.S.A. 60-1501. In relevant part, K.S.A. 2020 Supp. 60-1501(a) provides: "[A]ny person in this state who is detained, confined or restrained of liberty on any pretense whatsoever . . . may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place."

To be entitled to relief under K.S.A. 2020 Supp. 60-1501, a petitioner must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). When considering whether the petitioner has alleged shocking and intolerable conduct or continuing mistreatment of a constitutional stature, the district court must accept the petitioner's "allegations as true in order to determine if the facts alleged and their reasonable inferences state a claim for

6

relief." *Merryfield v. Kansas Dept. of SRS*, 44 Kan. App. 2d 324, 332, 236 P.3d 528 (2010). Accordingly, the district court may summarily dismiss a K.S.A. 60-1501 petition only "if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." *Johnson*, 289 Kan. at 648.

When reviewing the district court's summary dismissal of a K.S.A. 60-1501 petition, we exercise de novo review. *Johnson*, 289 Kan. at 649. As for interpreting KDOC administrative regulations, our Supreme Court has explained that "courts generally defer to an agency's interpretation of its own regulations" unless the agency's interpretation "is clearly erroneous or inconsistent with the regulation." *Tonge v. Werholtz*, 279 Kan. 481, 484, 109 P.3d 1140 (2005). Still, our Supreme Court has further explained that administrative regulations "have the force and effect of law." 279 Kan. at 483-84. Consequently, "[w]hen an administrative agency arbitrarily applies a rule that is not embodied in the statutes or published as a rule or regulation, a respondent to an agency action is deprived of fair notice and due process." *Schneider v. Kansas Securities Comm'r*, 54 Kan. App. 2d 122, 124, 397 P.3d 1227 (2017).

To reiterate, in this case Macomber was initially charged with fighting contrary to K.A.R. 44-12-301 before the hearing officer amended his charge to battery contrary to K.A.R. 44-12-324. The original charge is defined by K.A.R. 44-12-301(a), which provides that "[f]ighting or any other activity that constitutes violence or is likely to lead to violence shall be prohibited." On the other hand, K.A.R. 44-12-324 closely parallels one Kansas criminal code definition of battery, K.S.A. 2020 Supp. 21-5413(b), and states that "[b]attery is the unlawful or unauthorized, intentional touching or application of force to the person of another, when done in a rude, insolent, or angry manner."

7

K.A.R. 44-13-403, K.A.R. 44-13-202, and K.A.R. 44-13-703 are also at issue in this case. K.A.R. 44-13-403 outlines the KDOC disciplinary hearing procedures. Under K.A.R. 44-13-403(a)(1), "[t]he hearing officer shall initially inform the inmate of the charges and take the inmate's plea" before determining the inmate's guilt or innocence. Additionally, K.A.R. 44-13-403(b) provides that at the outset of the inmate's disciplinary hearing, the hearing officer must do the following:

"Initially, the hearing officer shall read the disciplinary report to the inmate, including the date, nature of the offense, the reporting officer's name, and a synopsis of the observation. The officer shall ensure that the inmate understands the charges and that a copy of the disciplinary report was received by the inmate. The officer shall also explain the possible penalties."

In turn, K.A.R. 44-13-202 outlines the KDOC procedure on amending disciplinary charges. In relevant part, K.A.R. 44-13-202 states:

"(a) If, in the judgment of the disciplinary administrator, hearing officer, or warden during administrative review, the charge is incorrect or a language change would change the substance of the charge or adversely affect the defense, the charge shall be amended and notice given to the inmate. After this notice is given, the inmate shall have the same period of time between notice and hearing to prepare a defense as would have been permitted when the charge was originally made.
. . . .
"(c) After the hearing officer has begun to hear evidence in the case, the hearing officer may permit amendment at any time before a factual finding of guilt or innocence has been made if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.
"(d) The hearing officer shall ask the inmate which option the inmate chooses:
(1) Continue the case for hearing on a different date to prepare a defense to the additional or different offense resulting from amendment of the original charge or charges; or

8

(2) waive any time period allowed to prepare to defend against any additional or different offense resulting from amendment of the original charge or charges and hold the hearing on the charges at the time of amendment of the disciplinary charge."

Finally, K.A.R. 44-13-703 addresses when an inmate can appeal his or her disciplinary conviction following a guilty plea. Although there are very limited circumstances in which an inmate can appeal his or her disciplinary conviction resulting from a guilty plea, K.A.R. 44-13-703(d)(2) specifically states that one such circumstance is when the "inmate alleges and shows" that his or her guilty plea resulted from "[f]raud or substantial error."

Here, it is readily apparent to us that the district court erred by summarily dismissing Macomber's K.S.A. 60-1501 petition. The district court made clear that its primary problem with Macomber's argument was that "sign[ing] a document without reading [it was] no excuse and not a defense absent willful fraud or deliberate misrepresentation." It supplemented this finding by making a credibility determination against Macomber because he had signed and initialed the provisions on the form indicating that Hunt had read the form out loud to him. The district court then alternatively found that Macomber's argument was meritless because there was no significant difference between Macomber's original fighting charge and the amended battery charge.

In making the preceding findings, the district court overlooked many things. First, it failed to consider that Macomber has consistently made the same argument, i.e., that Hunt amended his fighting charge to battery without providing him notice of this amendment until after he had already pled guilty and waived his right to an evidentiary hearing. Second, the court did not take account of the fact that Macomber has also consistently argued that Hunt's conduct constituted substantial error under K.A.R. 44-13-703(d)(2) entitling him to reversal of his battery conviction. Third, it dismissed out of

9

hand Macomber's contention that, although he signed and initialed a form indicating that Hunt had read the rights he was waiving by entering his guilty plea to him, the plea form did not state that Hunt read Macomber's charges, let alone his amended charges, to Macomber before he made the waivers. Fourth, and perhaps most importantly, the district court did not consider the plain language of K.A.R. 44-13-403 and K.A.R. 44-13-202. Again, K.A.R. 44-13-403(a)(1) required Hunt to inform Macomber of his charges before taking Macomber's plea. On the other hand, K.A.R. 44-13-403(b) required Hunt to "read the disciplinary report" to Macomber and to ensure that Macomber understood his charges. On top of this, K.A.R. 44-13-202 explicitly required Hunt to provide Macomber notice of any amendments to his charges and prohibited the hearing officer from making any amendments to his charges after "a factual finding of guilt or innocence."

In a nutshell, the provisions of K.A.R. 44-13-403 establish that Hunt should have read Macomber's charges to him at the outset of his disciplinary hearing. It is very clear that KDOC rules under K.A.R. 44-13-202 establish that Macomber was entitled to notice before Hunt made any amendments to his charges. Accordingly, even if Macomber failed to read the form in which he pleaded guilty and waived his right to an evidentiary hearing before signing and initialing it, Hunt had an affirmative duty to ensure that Macomber understood the charges against him, had proper notice of any amendments to his charges, and was required to offer him a continuance if he wished to contest the amended charge. Clearly, if Hunt failed to do these things, then Macomber has a valid argument that Hunt's conduct resulted in a violation of his due process rights, because Hunt's conduct resulted in him not knowingly entering Macomber's battery guilty plea. Thus, the district court's emphasis on the fact that Macomber seemingly failed to read the form in which he pled guilty and waived his evidentiary hearing rights is misplaced. See, e.g., *State v. Terning*, 57 Kan. App. 2d 791, 795, 460 P.3d 382 (2020) (explaining what steps district court must take in criminal case to ensure defendant's guilty or no-contest plea was knowingly made in accordance with that defendant's due process rights).

10

Additionally, the district court's ruling was founded on an impermissible credibility determination against Macomber. Evidently, the district court believed Macomber was lying about the timing of Hunt's amendment because he checked boxes on the disputed form indicating that Hunt had read the form aloud to him. Again, we reiterate that when the district court considers an inmate's K.S.A. 60-1501 petition, *the district court must accept the petitioner's allegations as true. Merryfield*, 44 Kan. App. 2d at 332. Therefore, when Macomber alleged that he signed and initialed the form in which he pleaded guilty and waived his right to an evidentiary hearing before Hunt told him that he had amended his fighting charge to battery, the district court had to preliminarily accept Macomber's allegation as true absent some evidence conclusively showing he was entitled to no relief.

We have found nothing in the petition, files, and record of Macomber's case which disproves his contention that he signed and initialed the form in which he pled guilty and waived his right to an evidentiary hearing before Hunt notified him of his amended battery charge. In fact, Hunt's notes on the disputed form raise more questions than answers. Nothing on the form clearly states that Macomber's fighting charge had been amended to battery. Instead, on the first page of the form—the page where Macomber signed and initialed boxes indicating he was pleading guilty and waiving his right to an evidentiary hearing—Hunt simply put the number "324" in the blank labeled "rule violations," without listing the title of the charge. As we discussed above in outlining the facts of this case, it seems that Hunt listed the number 324 in this space because K.A.R. 44-12-324 is the regulation defining battery as a disciplinary offense. Without further explanation, however, listing the number 324 in the space labeled "rule violations" undoubtedly meant very little to Macomber. We conclude that it certainly did not constitute adequate notice of the amendment under K.A.R. 44-13-302, which required Hunt to give Macomber the option of more time to prepare his defense upon amending his fighting charge to battery. See K.A.R. 44-13-202(d)(1)-(2).

Likewise, the district court's finding that there was no significant difference between Macomber's original fighting charge and amended battery charge is similarly problematic. It seems the district court made this finding because Macomber argued that had he known about the battery amendment before entering his guilty plea, he would not have entered his guilty plea but instead argued self-defense. Apparently, the district court wanted to emphasize that even if Hunt violated certain KDOC regulations, Macomber could have argued self-defense to counter either his original fighting charge or his amended battery charge. It noted that both Macomber's original fighting charge and amended battery charge constituted class one disciplinary offenses carrying the same penalty. The court then concluded that "'Macomber [had failed to] show that he was disadvantaged by pleading guilty to one rather than the other.'" Based on these comments, it seems that the district court found that Macomber's willingness to plead guilty to fighting established that he was not prejudiced by any inadvertent guilty plea to the amended battery charge as the two charges were sufficiently similar.

Although the district court correctly noted that both fighting and battery constitute class one disciplinary offenses that carry the same penalty, its findings were otherwise incorrect. As we have noted, K.A.R. 44-12-301(a) simply states that "[f]ighting or any other activity that constitutes violence or is likely to lead to violence shall be prohibited." Thus, fighting is a broad offense that encompasses any behavior that constitutes violence or any behavior that may likely cause violence. Conversely, K.A.R. 44-12-324 states that "[b]attery is the unlawful or unauthorized, intentional touching or application of force to the person of another, when done in a rude, insolent, or angry manner." Thus, battery is an offense that specifically requires an inmate to make both an intentional and improper touching of another person. In other words, battery is an offense that encompasses a much narrower type of conduct than KDOC's definition of fighting does.

As a result, under the plain language of K.A.R. 44-12-301(a) and K.A.R. 44-12-324, an inmate may be guilty of fighting but at the same time be not guilty of battery

12

because the inmate's fight never resulted in an intentional and improper touching of another person. For instance, in this case, Macomber could agree that he engaged in an activity that constituted violence but at the same time validly assert that any battery he committed during the fight was necessary to protect himself from the other inmate's imminent use of unlawful force. Thus, Macomber's contention that he would have argued self-defense instead of entering a guilty plea had he known that Hunt amended his fighting charge to battery is not necessarily meritless. As a result, it is readily apparent that the district court erred by finding that even if Hunt failed to provide Macomber with proper notice of the battery amendment under KDOC regulations, Macomber suffered no prejudice from this error because Macomber's original fighting charge and amended battery charge were sufficiently similar.

The district court summarily dismissed Macomber's K.S.A. 60-1501 petition for two reasons: (1) because Macomber's contention that Hunt amended his fighting charge to battery after he had already entered his guilty plea was not credible and (2) because even if Hunt made a belated amendment contrary to KDOC regulations, Macomber's original charge of fighting and amended charge of battery were sufficiently similar that he suffered no prejudice by this belated amendment. Nevertheless, we believe the district court's decision violates the plain language of K.A.R. 44-13-403, the plain language of K.A.R. 44-13-202, and our Kansas caselaw establishing that when deciding whether to summarily dismiss an inmate's K.S.A. 60-1501 petition, the district court must accept the petitioner's allegations as true. See *Merryfield*, 44 Kan. App. 2d at 332. Also, the district court's finding that Macomber's original charge of fighting and amended charge of battery were sufficiently similar that he suffered no prejudice by any belated amendment is contrary to the plain language of K.A.R. 44-12-301(a) and K.A.R. 44-12-324. Thus, despite the district court's finding otherwise, the record of Macomber's case does not definitively establish that Hunt did not violate Macomber's due process rights by asking him to enter his guilty plea before notifying him that he had amended his fighting charge to battery.

13

But because the record of Macomber's case does not conclusively establish that Hunt actually violated Macomber's due process rights, we reject Macomber's request to simply grant his K.S.A. 60-1501 petition. Instead, we concur with Macomber's alterative request to reverse and remand this case to the district court for an evidentiary hearing on his K.S.A. 60-1501 petition to determine whether Hunt did in fact violate his due process rights.

Reversed and remanded with directions.