(225 P.3d 1199)
No. 103,036

STACEY SPEED, *Appellant*, v. DAVID MCKUNE, Warden, *Appellee*.

Opinion filed March 12, 2010.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Matthew J. Donnelly*, legal counsel, Lansing Correctional Facility, of Lansing, for appellee.

Before MCANANY, P.J., GREEN and MALONE, JJ.

MCANANY, J.: Stacey Speed is a prisoner incarcerated in the correctional facility in Lansing. He shares his cell with three other inmates. He has the use of a locker in the four-man cell, but the locker is not assigned to him. However, Speed has the combination lock used to secure it.

On March 8, 2009, Corrections Officer Shanks conducted a shakedown of Speed's cell. Inside Speed's locker, Shanks discovered a number of items of plastic kitchen cutlery, some small trash bags, rubber bands, a racquetball, and some food items. Speed was charged with violating K.A.R. 44-12-204.

At the disciplinary hearing Shanks told the hearing officer that he discovered the property in Speed's locker. Speed denied taking the property. Speed's cellmate, Christopher Brown, testified that

he put the items in Speed's locker, and that he reported this fact to Shanks. The hearing officer made the following findings:

"[Speed's] locker was searched[, and Shanks] found all the items listed . . . in [Speed's] locker. [Shanks] had [Speed] unlock his locker prior to the search. [Speed] states he did not have knowledge of the items being in his locker because he allows or allowed [Brown] to put items in [Speed's] locker. [Speed] is responsible for everything that is in his [assigned] locker. Hearing officer finds the inmate guilty based on the facts of the report and testimonies given."

Speed filed his K.S.A. 60-1501 petition seeking relief from the disciplinary judgment. The court denied relief, finding "some evidence" to support the hearing officer's conclusion. Speed appeals. Speed argues that there was insufficient evidence to support his conviction because he had nonexclusive possession of the locker and Brown testified that he put the items in the locker. We apply the "some evidence" review standard expressed in *Sammons v. Simmons*, 267 Kan. 155, 158, 976 P.2d 505 (1999).

K.A.R. 44-12-204(a) provides: "No inmate shall take without permission, regardless of the intent, articles of any kind from any other person or place, nor shall the inmate obtain these articles by fraud or dishonesty."

Speed was not charged with the unlawful possession of contraband. The prison authorities neither then nor now contend that Speed acted as an accessory in an unlawful taking. The hearing officer made no finding that Speed had taken the items without permission or by fraud or dishonesty. The hearing officer simply found Speed to be in possession of the items and "[Speed] is responsible for everything that is in his [assigned] locker." In fact, the locker was not assigned to Speed. We find a complete lack of evidence to support the offense Speed was charged with: that Speed either took without permission the items found in the locker from any other person or place, or obtained these items by fraud or dishonesty.

Reversed.