NOT DESIGNATED FOR PUBLICATION

No. 113,080

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES R. DUDLEY,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.


MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed September 18, 2015. Affirmed.

*Nancy Ogle*, of Ogle Law Office, L.L.C., of Wichita, for appellant.

*Michael J. Smith*, of Kansas Department of Corrections, for appellee.


Before MALONE, C.J., ARNOLD-BURGER, J., and JOHNSON, S.J.


*Per Curiam*: James R. Dudley appeals the district court's summary dismissal of his K.S.A. 2013 Supp. 60-1501 petition in which it held that five of the six disciplinary cases he appealed therein were untimely filed and there was some evidence to support the decision in the sixth disciplinary case. Dudley argues the district court's ruling was erroneous because his petition was timely filed and there was not "some evidence" to support the decision in the sixth disciplinary case. Finding no error, we affirm.

1

On June 16, 2014, Dudley filed a petition for writ of habeas corpus pursuant to K.S.A. 2013 Supp. 60-1501. His petition involved the following six disciplinary cases: 13-12-186 (Case No. I), 14-01-020 (Case No. II), 14-01-062 (Case No. III), 14-01-063 (Case No. IV), 14-01-065 (Case No. V), and 14-05-064 (Case No. VI).

Case No. I

In 2013, a disciplinary report was written alleging Dudley refused to comply with directives to be strip searched, a class I offense in violation of K.A.R. 44-12-304. He was found guilty, and his sanctions included a $10 fine. Warden James Heimgartner, or his designee, approved the decision. Dudley claimed he received a copy of the disposition on January 6, 2014.

Dudley asserted that he made four attempts to appeal the case to the Kansas Department of Corrections (KDOC) Secretary (Secretary) between January 6, 2014, and April 16, 2014. In February 2014, Dudley inquired about his appeal and was informed on February 26, 2014, that no disciplinary reports were filed because they were sent back for new forms. Dudley claimed his last attempted appeal was filed on April 16, 2014.

On April 24, 2014, the Secretary received the appeal. The record does not contain an appellate decision from the Secretary.

Case No. II

In January 2014, a disciplinary report alleged Dudley engaged in "fishing" by passing items from cell to cell, a class II offense in violation of K.A.R. 44-12-1002. Dudley was found guilty, and his sanctions included a $5 fine. Heimgartner, or his

2

designee, approved the decision. Dudley claims he received a copy of the disposition on January 27, 2014.

Dudley alleged he made four attempts to appeal to the Secretary between January 29, 2014, and April 15, 2014. He claimed his last appeal was filed April 15, 2014.

On February 12, 2014, in response to an inquiry from Dudley, Dudley was informed that no disciplinary report appeals were pending and the appeals had been returned to him. Dudley made another inquiry on February 20, 2014, and was informed again on February 26, 2014, that no disciplinary reports were filed because they were sent back for new forms.

By April 24, 2014, the Secretary received the appeal. The record does not contain an appellate decision from the Secretary.

Case Nos. III, IV, and V

In January 2014, Dudley's alleged misconduct occurred resulting in three disciplinary reports. First, in Case No. III, Dudley was charged with refusing to comply with a command to step down from a medical examination table and return to his cell, a class I offense in violation of K.A.R. 44-12-304. Second, in Case No. IV, Dudley was charged with failing to come to his cell door to be restrained after he started a fire in his cell, a class I offense in violation of K.A.R. 44-12-304. Third, in Case No. V, Dudley was charged with setting property on fire and throwing it outside of his cell, a class I offense in violation of K.A.R. 44-12-322.

The disciplinary hearings were held in absentia because Dudley refused to participate. He was found guilty of all three charges, and his sanctions included fines.

3

Heimgartner, or his designee, approved the decisions. Dudley claimed he received dispositions for these disciplinary cases on January 21, 2014.

According to Dudley, he made four attempts to appeal the cases to the Secretary between January 29, 2014, and April 16, 2014. On February 12, 2014, in response to an inquiry from Dudley, Dudley was informed that no disciplinary report appeals were pending and the appeals had been returned to him. Dudley allegedly filed appeals on February 21, 2014, and April 16, 2014.

By April 24, 2014, the Secretary received the appeals. The record does not contain an appellate decision from the Secretary.

Case No. VI

In May 2014, it was alleged that Dudley yelled at and threatened an officer during medications pass. This was a class II offense in violation of K.A.R. 44-12-305 and a class I offense in violation of K.A.R. 44-12-306. Dudley was found guilty, and his sanctions included fines. The Secretary, Heimgartner, or his designee, approved the decision, and Dudley was provided a copy of the disposition.

Dudley appealed the case to the Secretary. The Secretary, or a designee, approved the decision, and Dudley acknowledged receipt of the appeal response.

On June 16, 2014, Dudley filed a petition for writ of habeas corpus regarding all six of the disciplinary cases. The district court dismissed the petition with prejudice, holding Dudley untimely filed appeals in Case Nos. I-V. It also dismissed Case No. VI, ruling there was some evidence to support Dudley's conviction. Dudley filed a motion to reconsider, but the district court denied that motion too.

4

Dudley timely appeals the district court's decision.

THE TIMELINESS OF CASE NOS. I-V

*Standard of review*

Summary dismissal of a claim for relief under K.S.A. 2013 Supp. 60-1501 is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists. An appellate court reviews a summary dismissal de novo. *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). Accordingly, the reason relied on by the district court is irrelevant because the district court's decision "'may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision.' [Citation omitted.]" *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008), *cert. denied* 555 U.S. 1178 (2009).

*The arguments of the parties*

Dudley argues it was error for the district court to summarily dismiss his petition on the basis that his petition regarding Case Nos. I-V was untimely. He argues that because it is undisputed that the Secretary received his appeals in these cases on April 24, 2014, the Secretary had 15 working days to review the appeals or until May 15, 2014. See K.A.R. 44-13-704(a). The Secretary then had another 15 working days to give the inmate a copy of the decision, or until June 5, 2014. K.A.R. 44-13-704(a). It is undisputed that the Secretary did not rule on the appeals in Case Nos. I-V. Dudley was required to file his petition within 30 days of the KDOC's final action. K.S.A. 2013 Supp. 60-1501(b). Dudley argues that assuming the final action was May 15, 2014—when the Secretary's time to enter a decision lapsed—he had until June 16, 2014 (the Monday

5

following the 30th day which fell on the weekend) to file his petition. The petition was filed on June 16, 2014.

Dudley's calculations appear correct and are not addressed by Heimgartner in his brief. Instead Heimgartner argues that the district court was correct to dismiss the petition because Dudley failed to exhaust his administrative remedies by neglecting to appeal the disciplinary actions in the cases to the Secretary within 15 days of receiving his copy of the final action as required by K.A.R. 44-13-703(c). Even if one assumes, for purposes of argument only, that Dudley was not on notice of the final action in these cases until February 26, 2014, when Dudley was informed that his reports were sent back for new forms, he did not file his appeals with the Secretary until April 2014, well over 15 days after the his last notice. Heimgartner did not have an opportunity to raise the untimely filing issue or the failure to exhaust administrative remedies issue to the district court because the district court dismissed the case without asking him to respond to Dudley's petition.

*Dudley failed to timely appeal the cases to the Secretary*

The issue of subject matter jurisdiction cannot be waived and may be raised at any time, even if it is raised for the first time on appeal or at the appellate court's own motion. *Vorhees v. Baltazar*, 283 Kan. 389, 397, 153 P.3d 1227 (2007). Whether there is jurisdiction based upon the obligation to exhaust administrative remedies is a question of law over which this court has unlimited review. *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 622-23, 24 P.3d 128 (2001).

Pursuant to K.S.A. 75-52,138, an inmate in the custody of the Secretary of Corrections, prior to filing a civil action naming the Secretary of Corrections or the Warden, must exhaust the inmate's administrative remedies.

6

K.A.R. 44-13-703(a) provides that inmates have a right to appeal class I and II offense cases to the Secretary of Corrections. However, the inmate must submit the appeal within 15 days after the inmate received a copy of the final action. K.A.R. 44-13-703(c).

In this case, Dudley failed to meet this 15-day requirement, and the record fails to show that Dudley exhausted his administrative remedies pertaining to all of his disciplinary convictions. This situation is similar to *Smith v. McKune*, No. 102,111, 2009 WL 3428824, at *3 (Kan. App. 2009) (unpublished opinion), where a panel of this court held:

> "Although it is apparent that Smith attempted to appeal his disciplinary convictions to the Secretary of Corrections, most of his appeals were returned to him without a decision because Smith had failed to follow the proper procedure for filing his appeals. The record demonstrates that in only two of Smith's disciplinary cases did he receive a final decision on his appeal from the Secretary of Corrections. Thus, aside from the two disciplinary conviction cases in which he received a decision from the Secretary of Corrections, Smith has failed to comply with K.S.A. 75-52,138 by showing that he has exhausted his administrative remedies."

This court has consistently required strict compliance with the exhaustion requirement. See *Boyd v. Werholtz*, 41 Kan. App. 2d 15, 17, 203 P.3d 1 (2008). Accordingly, we find Dudley failed to exhaust his administrative remedies. Based on the face of Dudley's petition, it is evident that Dudley was not entitled to relief on five of the disciplinary cases and summary dismissal was appropriate.

*Standard of review*

A challenge to the sufficiency of the evidence in a prison disciplinary proceeding is reviewed for "'some evidence'" to support the administrative tribunal. *Sammons v. Simmons*, 267 Kan. 155, 158-59, 976 P.2d 505 (1999). The relevant question is whether the record contains any evidence that could support the conclusion reached by the disciplinary board, *i.e.*, whether the record is so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. 267 Kan. at 158-59; see *Speed v. McKune*, 43 Kan. App. 2d 444, 445, 225 P.3d 1199 (2010).

*The district court did not err when it held that there was some evidence to support Dudley's conviction in disciplinary Case No. VI.*

Dudley claims this district court erred in finding some evidence to support his conviction in disciplinary Case No. VI because even though the reporting officer testified, she did not call other witnesses or offer additional evidence to support her testimony. Heimgartner argues the reporting officer's testimony constituted some evidence to support the conviction.

> "Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

In this case, there was evidence to support the disciplinary hearing decision. The reporting officer's testimony evidenced that, at the time of the incident, when she

intervened in Dudley's discussion with medical staff about being late with his medication, Dudley became aggressive and abusive towards her. At the hearing, Dudley questioned the medical staff about their conversation, but he did not ask whether he made abusive or threatening comments to the reporting officer. Thus, the reporting officer's testimony constituted some evidence of the charges, and the district court properly dismissed the case.

Affirmed.