NOT DESIGNATED FOR PUBLICATION

No. 113,408

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAVAD SHIRAZI,
*Appellee*,

v.

SAM CLINE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed October 23, 2015. Reversed.

*Jon D. Graves*, of Kansas Department of Corrections, for appellant.

*Sam S. Kepfield*, of Hutchinson, for appellee.

Before LEBEN, P.J., MCANANY and BUSER, JJ.

LEBEN, J.: Prison officials charged inmate Javad Shirazi with a violation of prison rules after they found sexually explicit photos under a desk in the living area used by Shirazi and another inmate. A prison hearing officer found Shirazi guilty of the offense and fined him $10, but the district court overturned the decision, concluding that the evidence wasn't sufficient to find that the photos belonged to Shirazi.

But an inmate has the right to review of prison disciplinary decisions only to guard against constitutional violations, so the evidence needed to find a prisoner guilty of a disciplinary offense is quite low—the prison need only have "some evidence" that

supports the conviction. *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

Here, the photos were under a desk next to Shirazi's bed, and Shirazi kept some of his belongings in the desk. While another inmate also had access to the area and kept materials in the desk, the prison had some evidence that the photos belonged to Shirazi. We therefore reverse the district court's judgment.

ANALYSIS

A corrections officer named Anderson searched Shirazi's living quarters and found a "small booklet that contained sexually explicit material" under a desk that Shirazi and another inmate shared. Anderson cited both inmates for a violation of an administration regulation, K.A.R. 44-12-313, which prohibits inmates from having sexually explicit materials. Anderson didn't cite a third inmate who lived in the same area but apparently didn't share the desk.

Shirazi asked for an administrative hearing. He testified at that hearing that he had lived in those quarters for less than a week and that the area hadn't been searched after a previous resident had been removed.

Anderson conceded that he didn't know for sure that the photos belonged to Shirazi; he said that was why he had cited two inmates. Anderson's disciplinary complaint, introduced in evidence at the hearing, said that "[p]er policy these two inmates are both responsible for this area where the item was found."

The regulation at issue provides: "No inmate shall have in possession or under control any sexually explicit materials, including drawings, paintings, writing, pictures, items, and devices." K.A.R. 44-12-313(a). The hearing officer found Shirazi guilty of the

2

offense, noting that the photos were found "in an area in which inmate Shirazi is responsible." The officer's order fined Shirazi $10. Shirizi appealed to the Secretary of Corrections, but he upheld the fine.

An inmate can challenge the conditions of his confinement in a habeas corpus proceeding, and Shirazi brought one under K.S.A. 60-1501. To succeed, the inmate must show that the conditions of confinement violate the inmate's constitutional rights. See *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009); *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505, 238 P.3d 328 (2010). In a disciplinary proceeding, the State, acting through its prison officials, must provide due process to the inmate before depriving the inmate of liberty or property rights. Since the officer fined Shirazi $10 (thus affecting a property interest), he had the right to court review to ensure that he was given due process. See *Sauls v. McKune*, 45 Kan. App. 2d 915, 920, 260 P.3d 95 (2011); *Frost v. McKune*, 44 Kan. App. 2d 661, 662, 239 P.3d 900 (2010).

But the level of process due an inmate is not the same as in a criminal trial or a civil lawsuit: the inmate is entitled to only a minimal level of due process. *Hill*, 472 U.S. at 455-56; *Frost*, 44 Kan. App. 2d at 662. To convict an inmate of a disciplinary offense, all prison officials need is "some evidence." So the job of a reviewing court is to "examine[] the record to determine if there is *any evidence* that supports the conclusion reached" in the disciplinary proceeding. (Emphasis added.) *Speed v. McKune*, 43 Kan. App. 2d 444, Syl. ¶ 1, 225 P.3d 1199 (2010); see also *Hill*, 472 U.S. at 455-56.

That's where the district court was off the mark in this case. The district court emphasized evidence suggesting that the photos *may not* have belonged to Shirazi, noting the "unique factual circumstances of this case (recent move to cell and lack of investigation)." But the job of a reviewing court is not to weigh the evidence—"the relevant question is whether there exists *any* evidence in the record to support the conclusion reached by the disciplinary [process]." (Emphasis added.) *Washington v.*

3

*Roberts*, 37 Kan. App. 2d 237, 246, 152 P.3d 660 (2007); accord *Hill*, 472 U.S. at 455-56; *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 (1999).

The regulation at issue provided that an inmate could not "have in possession or under control any sexually explicit materials." These photos were found in an area that was jointly controlled by three inmates, including Shirazi, and the photos were closest to his bed. There was some evidence to support the disciplinary sanction against him. That others also had access to the area "does not render the hearing officer's decision to impose a sanction . . . devoid of evidentiary support." *Calhoun v. Secretary of Corrections*, No. 111,977, 2015 WL 1310962, at *3 (Kan. App. 2015) (unpublished opinion).

The district court's judgment is reversed.