NOT DESIGNATED FOR PUBLICATION

No. 113,395

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANDREW HENRY,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed January 29, 2016.
Affirmed.

*Nancy Ogle*, of Ogle Law Office, L.L.C., of Wichita, for appellant, and *Andrew Henry*, appellant
pro se.

*Michael J. Smith*, of Kansas Department of Corrections, of El Dorado, for appellee.

Before BRUNS, P.J., MCANANY, J., and JOHNSON, S.J.

*Per Curiam*:  Prison officials charged Andrew Henry, a prison inmate, with
violating prison rules after they found several unauthorized items in his cell, including a
green leafy substance which was found under a desk in the cell occupied by Henry and
another inmate. Henry was charged with possessing dangerous contraband in violation of
K.A.R. 44-12-901.

Henry conceded that he possessed several of the items found but denied that he
possessed dangerous contraband. He initially contended that the green leafy substance

1

found in his cell was celestial tea. To the contrary, this substance was tested and was found to be a synthetic cannabis. At the prison hearing that followed, the prison hearing officer found Henry guilty of the offense and imposed a $20 fine, a loss of 90 days of good-time credit, 30 days of disciplinary segregation, and 30 days of restricted privileges.

After exhausting his administrative remedies, Henry filed an action in the district court pursuant to K.S.A. 2014 Supp. 60-1501 in which he claimed that he was denied due process in connection with the prison disciplinary proceedings. He also claimed there was insufficient evidence to support the conclusion that he possessed dangerous contraband. The district court summarily dismissed Henry's petition, and Henry appeals.

In this K.S.A. 2014 Supp. 60-1501 habeas corpus proceedings, Henry needed to allege shocking or intolerable conduct or mistreatment of a constitutional stature such that the conditions of his confinement violated his constitutional rights. See *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009); *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505, 238 P.3d 328 (2010). If the petition failed to allege or the incontrovertible facts negated any such treatment, the petition may be dismissed. *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008); *Corter v. Cline*, 42 Kan. App. 2d 721, 722, 217 P.3d 991 (2009).

K.S.A. 2014 Supp. 60-1503(a) required the district court to review the petition to determine from the face of the petition and any attached exhibits whether it plainly appeared that the petitioner was not entitled to relief. Here, the district court did so and denied the requested habeas corpus relief. Our review of Henry's claims is de novo. See *Johnson*, 289 Kan. at 649.

Whenever the State deprives an inmate of liberty or property rights, it must first provide the inmate with due process of law. See *Sauls v. McKune*, 45 Kan. App. 2d 915,

2

920, 260 P.3d 95 (2011); *Frost v. McKune*, 44 Kan. App. 2d 661, 662, 239 P.3d 900 (2010), *rev. denied* 292 Kan. 964 (2011). Such was the case here.

The level of process due an inmate is not the same as in a criminal trial or in a civil lawsuit. An inmate is entitled to a minimal level of due process. *Superintendent v. Hill*, 472 U.S. 445, 454-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Frost*, 44 Kan. App. 2d at 662. Procedural due process in the prison context is limited to written notice of the charges, an impartial hearing, the opportunity to call witnesses and present documentary evidence, and a written statement from the hearing officer setting forth the findings and reasons for the decision. *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627-28, 24 P.3d 128 (2001); *Swafford v. McKune*, 46 Kan. App. 2d 325, 329, 263 P.3d 791 (2011), *rev. denied* 294 Kan. 948 (2012).

*Right to call witnesses*

Henry claims his due process right to call witnesses was violated when the hearing officer refused to consider as evidence a videotape of the incident. He also claims prison officials denied his request for a urinalysis. Finally, he claims that the hearing officer failed to provide an explanation for denying his request as is required by K.A.R. 44-13-405a(e). Henry has the burden of proving a violation of his constitutional rights. See *Sammons v. Simmons*, 267 Kan. 155, 158, 976 P.2d 505 (1999); *Starr v. Bruce*, 35 Kan. App. 2d 11, 12, 129 P.3d 583 (2005), *rev. denied* 280 Kan. 984 (2006).

With respect to the videotape, Henry speculates that the tape would show that some other inmate placed the green leafy substance in his cell. But there is nothing in the record documenting the claim that he requested that the hearing officer review a videotape or that the hearing officer denied the request. In fact, there is no evidence that there was a surveillance tape of Henry's cell. Henry merely speculated there was such a tape and what it might show. Henry has the burden to designate a record sufficient to

3

establish the claimed error. Without such a record, the claim of error fails. See *Fletcher v. Nelson*, 253 Kan. 389, 392, 855 P.2d 940 (1993).

A prisoner facing a disciplinary proceeding is not afforded the full panoply of rights due a defendant in a criminal proceeding. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Due process does not require "that prison security videos be made available to inmates who are the subjects of prison disciplinary proceedings." *Swafford*, 46 Kan. App. 2d at 331. Henry was provided with a reasonable opportunity to call witnesses on his own behalf and to present documentary evidence at the disciplinary hearing, as provided in K.A.R. 44-13-101(c)(3) and (5).

Henry briefly mentions that he was not permitted to question CSI Hermerk at the disciplinary hearing. He does not assert when his request was made. He had to request calling Hermerk as a witness by filling out a witness request form within 48 hours of service of the disciplinary report. K.A.R. 44-13-403(o) permitted Henry to request a witness not previously identified only on a showing of "exceptional circumstances outside the control of the inmate" and that "the testimony would most likely affect the outcome of the hearing." We cannot determine from the record whether Henry properly requested CSI Hermerk as a witness either before the hearing or during the hearing. Further, Henry does not allege exceptional circumstances outside of his control permitting any such request if untimely. Thus, he fails to show that he requested Hermerk as a witness and that his request was improperly denied.

Henry also complains that his request for a urinalysis to prove his innocence was denied. At the hearing, Henry testified: "I asked them to UA me and they didn't." There is no due process requirement that the Department of Corrections perform a urinalysis when requested by an inmate. Further, the issue was whether Henry possessed the illegal substance, not whether he ingested it. A negative UA would not have proven that Henry did not possess the substance.

4

*Sufficiency of the Evidence*

To convict an inmate of a disciplinary violation, the hearing official must find "some evidence" to support the offense. On appeal, we review "the record to determine if there is any evidence that supports the conclusion reached" in the disciplinary proceeding. *Speed v. McKune*, 43 Kan. App. 2d 444, Syl. ¶ 1, 225 P.3d 1199 (2010); see *Hill*, 472 U.S. at 455-56. We do not reweigh the evidence or assess the credibility of the witnesses. Our role is merely to examine the record to determine if the evidence that supports the hearing officer's conclusion met this minimal evidentiary standard. *Anderson v. McKune*, 23 Kan. App. 2d 803, 807-08, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997). The inmate bears the burden of proving that prison officials failed to satisfy this evidentiary requirement. *Sammons*, 267 Kan. at 158.

Henry does not dispute that synthetic cannabis is dangerous contraband under K.A.R. 44-12-901(a). But he contends he did not possess the contraband and it must have been placed under the desk by another inmate.

Henry relies on *Brouillard v. Warden, El Dorado Correctional Facility*, No. 106,965, 2012 WL 4679923 (Kan. App. 2012) (unpublished opinion), which involved a charge that the prisoner violated prison rules when betting slips and pornography were found at a computer at his offsite workplace. This court set aside the hearing officer's decision because the evidence showed that a number of inmates regularly used the same computer and there was no evidence that tied the contraband more closely to Brouillard than to the other inmates who used the computer.

But *Brouillard* does not support Henry's position. Here, the contraband was found in an area shared by Henry and only one other inmate. It was under a desk used by Henry. Henry admitted possessing other items of contraband in the cell. He initially did not deny possessing the green leafy substance, but rather he told the correctional officer that it was

5

merely celestial tea rather than contraband. Only after the substance tested positive for synthetic cannabis did Henry shift the blame to the officers conducting the search of his cell or to other inmates. There is some evidence supporting the hearing officer's conclusion that Henry possessed the contraband. Thus, the district court did not err in summarily dismissing Henry's K.S.A. 2014 Supp. 60-1501 petition.

Affirmed.