NOT DESIGNATED FOR PUBLICATION

No. 124,269

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTOPHER ALLISON,
*Appellant*,

v.

DAN SCHNURR, WARDEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed April 8, 2022. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, legal counsel, of Kansas Department of Corrections, of Hutchinson, for appellee.

Before HURST, P.J., GARDNER, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Christopher Allison, an inmate at the Hutchinson Correctional Facility, was charged with disciplinary infractions for possessing a telephone in violation of K.A.R. 44-12-211(b) and for trafficking in contraband in a correctional facility in violation of K.A.R. 44-12-1001. The charges arose when the prison authorities conducted a sweep of Allison's cell and found a package containing an unauthorized cell phone.

In advance of the hearing on these charges, Allison submitted a witness request, asking that inmate Clancy Nelson be called as a witness. Allison expected Nelson to testify that

"he sent a wrapped up package to me in the middle of the night. That he never told me what it was, and was supposed to have picked it back up way earlier. That the thing he sent never even worked. He was being forced to hold it for someone else."

Allison also claimed he had notes from Nelson, which he considered to be exculpatory. Allison sent the notes to his lawyer for safekeeping.

Allison's witness request was initially approved. But at the hearing on these charges the hearing officer denied Allison's witness request because Allison conceded that he had possessed the cell phone. The hearing officer denied Allison's request for a continuance on these same grounds.

Allison stated at the hearing that he "'had the container'" but "'didn't know the phone was in there.'" When asked to clarify Allison said, "'I didn't know it was in there. A guy down the run gave it to me. He needed somebody to hold it I guess.'"

Allison was found guilty of possession of the unauthorized cell phone but not guilty of the trafficking contraband charge. He was fined $10 and sentenced to 45 days of disciplinary segregation and 60 days of restriction from privileges, with the sentence suspended for a period of 90 days.

Allison's administrative appeal to the Secretary of Corrections was denied. The Secretary explained that "[w]here the cell phone originated is irrelevant to the factual basis of the charge/conviction being that you admitted to accepting, and keeping in your possession, an unauthorized cell phone."

Allison then petitioned the district court for relief under K.S.A. 60-1501. He claimed that there was insufficient evidence to support his conviction and he was denied due process by being denied a continuance and by not being allowed to call witness

Nelson to testify at the hearing. Allison also claimed that that K.A.R. 44-12-211(b) was unconstitutionally vague because it did not contain a scienter requirement.

The district court conducted a hearing on the State's motion to dismiss. The State's motion was predicated on the uncontested facts set forth in the pleadings. The hearing consisted of the arguments of counsel and no evidence was introduced and no witness testimony was presented. Allison appeared by Zoom with his counsel. The court ultimately sustained the State's motion to dismiss, finding that Allison had failed to plead facts upon which relief could be granted. In doing so, the district court determined that K.A.R. 44-12-211(b) was not unconstitutionally vague and declined to read into K.A.R. 44-12-211(b) a scienter element as a predicate to any conviction under this regulation, thereby rendering immaterial Allison's claim that he did not know that there was a cell phone in the wrapped package that Nelson gave him.

Allison appealed to us, arguing that (1) K.A.R. 44-12-211(b) is unconstitutionally vague and overbroad, (2) the evidence was insufficient to support a finding that he violated this regulation, and (3) the denial of his request for a continuance and his request to call Nelson as a witness denied him his right to due process.

*The constitutionality of the regulation*

Allison's constitutional challenge to K.A.R. 44-12-211(b)—that it is unconstitutionally vague—is an issue of law over which we have unlimited review. We presume the challenged regulation is constitutionally valid and it is Allison's burden to prove otherwise. See *Mitchell v. Petsmart, Inc.*, 291 Kan. 153, 168, 239 P.3d 51 (2010). We apply the rules of statutory interpretation in determining whether a regulation is constitutional. *Village Villa v. Kansas Health Policy Authority*, 296 Kan 315, 323, 291 P.3d 1056 (2013).

3

A party challenging a regulation as unconstitutionally vague must show that (1) the regulation does not convey a sufficient definite warning and fair notice of the prohibited conduct in light of common understanding and practice, and (2) it is subject to arbitrary and discriminatory enforcement. *Steffes v. City of Lawrence*, 284 Kan. 380, 389, 160 P.3d 843 (2007).

Allison contends that the word "possession" is ambiguous and is "often the subject of controversy in criminal cases involving drugs and weapons." According to Allison, the word "possession" in the regulation could mean the person has knowledge of the item and the ability to control it as is the case in criminal law, or it could mean merely that the item was in the person's presence, with or without the person's knowledge which is the case with this administrative regulation. Allison contends that these differing notions of "possession" provide "too much leeway" in use of the word "possession" in the regulation "to make sure it is not being used for arbitrary and discriminatory enforcement."

Black's Law Dictionary 1408 (11th ed 2019) defines "possession" as "[t]he fact of having or holding property in one's power; the exercise or dominion over property." "Dominion" is defined as "[c]ontrol" or "possession." Black's Law Dictionary 615 (11th ed. 2019).

Allison is correct, as he argues, that there is often a controversy in criminal cases involving drugs and weapons over whether the defendant "possessed" the drugs or weapons. But K.A.R. 44-12-211(b)—with its lack of a scienter element—never arises in any criminal case. Rather, we must consider this regulation and the term "possession" in the proper context—in an administrative regulation that applies only to Kansas prison inmates.

The regulation at issue here—K.A.R. 44-12-211(b)—was authorized by K.S.A. 75-5210(f), which directs the Secretary of Corrections to "adopt rules and regulations for

4

the maintenance of good order and discipline in the correctional institutions, including procedures for dealing with violations." Allison was put on notice of all the prison regulations. Under subsection (g) of the statute, "[a] copy of the rules and regulations adopted pursuant to subsection (f) shall be provided to each inmate." K.S.A. 75-5210(g). Moreover, he was specifically put on notice of this charge when he was served with the disciplinary report of this incident. Allison was aware of the regulatory infraction with which he was charged.

The proceedings on Allison's claimed violation of a prison administrative regulation were not criminal proceedings, calling forth all the statutory and constitutional protections afforded an accused. For example, the "beyond a reasonable doubt" standard of a criminal case does not apply. A claimed violation of a prison regulation results in an administrative disciplinary action which requires "some evidence" to support a finding of a violation. The concept of "possession" as used in K.A.R. 44-12-211(b) only applies to inmates confined in a prison managed by the Kansas Department of Corrections.

*Frost v. McKune*, 44 Kan. App. 2d 661, 662, 239 P.3d 900 (2010), involved a prisoner who received a disciplinary sanction for possessing tobacco in violation of K.A.R. 44-12-903(b), though there was no evidence that the prisoner knew the substance he possessed was tobacco. The *Frost* court stated:

> "Prison officials need to control various types of contraband to maintain discipline and security, and proof that an inmate has knowingly possessed contraband can be difficult. So some states and prisons have chosen to outlaw mere possession of contraband, whether knowing possession can be proved or not. See, *e.g.*, *People v. Ramsdell*, 230 Mich. App. 386, 391-99, 585 N.W. 2d 1 (1998). The Kansas Secretary of Corrections obviously made that choice when K.A.R. 44-12-903(b) was adopted as written. If the Secretary had meant only to prohibit knowingly possessing contraband, the regulation could easily have said, 'No person shall *knowingly* possess tobacco.' We decline to read words into this regulation that would so greatly change its meaning given the obvious

5

difficulties inherent in controlling contraband in a prison setting." 44 Kan. App. 2d at 662-63.

In the only context in which K.A.R. 44-12-211(b) applies, we find no ambiguity or vagueness about the meaning of this regulation. We are satisfied that prisoners charged with violating this regulation know and understand the common, everyday meaning of "possession" which is consistent with the Black's Law Dictionary definition of the term. Possessing a cell phone without the warden's permission means "having or holding" a cell phone and exercising dominion—i.e., control—over it. We conclude that this regulation conveys a sufficient definite warning and fair notice of the regulation's prohibited conduct in light of common understanding and practice in the only setting where the regulation applies—in the maintenance of discipline and order in a Kansas state prison. Allison asked the district court to read into the regulation the word "knowingly" to avoid unconstitutional vagueness. But inserting the word "knowingly" in the regulation does not turn an unconstitutional regulation into a constitutional one, but rather changes an already constitutional regulation into an altogether different one.

Allison also contends this regulation fails to "adequately guard against arbitrary and discriminatory enforcement." See *Steffes*, 284 Kan. at 389. But he fails to explain how, other than to say that there is "too much leeway" in the word "possession" to avoid arbitrary and discriminatory enforcement. Allison does not explain what this "leeway" is. There is, of course, an inherent difference between "possession" in some criminal statutes versus "possession" in administrative, noncriminal proceedings to enforce some prison regulations. Obviously, the more expansive notion of "possession" in K.A.R. 44-12-211(b) never finds its way into a criminal prosecution. In terms of "leeway" in prison administrative proceedings, we see none. The notion of "possession" in K.A.R. 44-12-211(b) is consistent with the statutory mandate to adopt regulations designed to maintain "good order and discipline in the correctional institutions." Moreover, it facilitates the reasonable goal of eliminating contraband from prisons. Allison fails to demonstrate that

6

there is a danger of arbitrary and discriminatory enforcement in relying on K.A.R. 44-12-211(b) in prison administrative proceedings.

Finally, Allison claims K.A.R. 44-12-211(b) is overbroad. To successfully challenge this regulation as overbroad, Allison must show that (1) a protected activity is a significant part of the regulation's target, and (2) there is no satisfactory method of severing the regulation's constitutional form from its unconstitutional applications. See *Dissmeyer v. State*, 292 Kan. 37, 40-41, 249 P.3d 444 (2011). On appeal, Allison sets forth these requirements. But he then simply states his conclusion—that the regulation is unconstitutionally overbroad—without any argument or authority whatsoever to support it. Accordingly, this issue has been abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

*The Sufficiency of the Evidence*

"In an appeal from proceedings involving a prison inmate before a prison disciplinary board, an appellate court applies the 'some evidence' review standard." *Speed v. McKune*, 43 Kan. App. 2d 444, Syl. ¶ 1, 225 P.3d 1199 (2010). The "some evidence" standard requires the appellate court to examine the record to determine whether there is "any evidence that supports the conclusion reached by the disciplinary board." 43 Kan. App. 2d 444, Syl. ¶ 1.

Allison argues that the disciplinary board could not find that he possessed a cell phone—an essential element—because there is no evidence that he knew there was a cell phone present in the wrapped package. He cites K.S.A. 2020 Supp. 21-5111(v) for the definition of "possession" which includes "control over an item with knowledge of or intent to have such control." First, there clearly is some evidence that Allison had control over the package containing the cell phone and that he intended to have control over it.

But equally important, this is a criminal statute that does not apply to the administrative regulation that is the subject of this appeal.

Allison bootstraps into his sufficiency of the evidence argument a separate and distinct contention that his due process rights were violated because (1) he was denied the right to call Nelson as a witness and (2) he was denied a continuance of the hearing so he could obtain Nelson's notes. These arguments are predicated on the notion that to prove a violation of the regulation there had to be evidence that Allison knew that a cell phone was contained in the package he possessed. But, as we have demonstrated, that is not the case. Allison does not contest that he was in possession of the cell phone. K.A.R. 44-12-211(b) does not require that the inmate have knowledge that he or she possesses the prohibited item. Thus, the testimony of Nelson was immaterial and a continuance to obtain Nelson's notes was not justified.

There was sufficient evidence to support the disciplinary board's conclusion, and the district court did not err in dismissing Allison's petition.

Affirmed.